The following is the opinion of the court below:
McAdam, J,
The affidavit of Egeln, the former bookkeeper of the defendant, makes out a strong case for the plaintiff. The defendant’s stock in July, 1892, was estimated at from $28,000 to $30,000; collectible book accounts, $8,000 to $12,000, and machinery at cost price, $20,000.
Egeln swears that, from his knowledge and observation, the assets were about the same on March 1, 1893. He asserts that the defendant’s business was fairly good, while Strauss testifies it was prosperous. The latter also states that late in March the defendant told him that his stock was worth $3,000 only, and that this is all the creditors would get in that line. The question naturally suggests itself, what has become of the difference between *144 $28,000 and $3,‘000, the missing $25,000 worth of stock is unaccounted for, and its disappearance unexplained.
Eugene H. Pomeroy, for app’lt; W. J. Townsend, for resp’t.
Evidence and inferences to be .drawn therefrom sustain the plaintiff’s right to attachment, and the motion to vacate it will be denied, with costs. See 11 Abb. Pr., 283; 8 Abb., N. S., 131.
Freedman, J.
The affidavits upon which the attachment was granted present a sufficient case for its support on the ground that the defendant has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, his property with intent to defraud his creditors.
The papers submitted by both parties on the motion to vacate present a sharp conflict as to the most material facts. The learned judge who heard the motion determined the issues thus raised in favor of the plaintiff, and upon a careful review of the whole case 1 am unable to say that he erred in his decision.
True, in the course of his opinion, he erroneously assumed that some witness had testified that the defendant had admitted that late in March his stock was worth $3,000 only, but independently of that there is sufficient evidence left upon which, together with the inferences to be drawn therefrom, the plaintiff’s right to the attachment may be sustained.
The order should be affirmed, with ten dollars costs and disbursements.
Gildersleeve, J., concurs.